**THEOPHILUS CHRISTOPHER; NOEL COATES; EMERSON THOMPSON; MIGNONETTE S. WEATHERILLE; CATHERINE W. PANCHO; DESREE WYNTER; ERALD ANTHONY CLARKE; ELSIE SANDY; DAVE LIBURD; HEATHER WILLIAMS; EDWARD RICHARDSON; ELMEDA SIMON; AVRIL FRASER; BURTON PETERSON; SOPHIA LEON; LORETTA SCOTT; RUTHLYN MARTIN**

v.

**DAVIS BEACH CO., A U.S.V.I. Partnership Comprise of Fairfield V.I. Inc.; BODKIN DEVELOPMENT CORP.; FAIRFIELD V.I. INC.; BODKIN DEVELOPMENT CORP. GENERAL PARTNERS & INDIVIDUALLY; GEORGE JACOBUS, Pres. of Bodkin Development Corp.; AIG LIFE INSURANCE CO.; AMERICAN LIFE ASSURANCE CO.; THE CANADA LIFE ASSURANCE CO.; CANADA LIFE INSURANCE OF AMER.; CROWN LIFE INSURANCE CO.; KAWASAKI LEASING INTERNATIONAL INC.; GREENBRIER RESORT MANAGEMENT CO.**

No. 93-7294

United States Court of Appeals

for the Third Circuit

January 13, 1994

ESZART A. WYNTER, ESQ. (Argued) (LAW OFFICES OF ESZART A. WYNTER), Frederiksted, St. Croix, V.I., *for Appellants*

WINSTON A. HODGE, ESQ., BETHANEY J. VAZZANA, ESQ. (Argued) (LAW OFFICE OF HODGE & SHEEN, P.C.), Christiansted, St. Croix, V.I., *for Appellees*: Davis Beach Company, a U.S. Virgin Islands Partnership Comprised of Fairfield Virgin Islands, Inc., Bodkin Development Corporation, Fairfield Virgin Islands, Inc., Bodkin Development Corporation, As General Partners and Individually, and George Jacobus, Pres. of Bodkin Development Corp.

DAVID R. ATKINSON, ESQ. (Argued), A. WAYNE GILL, ESQ. (GUNSTER, YOAKLEY & STEWART), West Palm Beach, FL, TODD H. NEWMAN, ESQ. (NICHOLS, NEWMAN & SILVERLIGHT), Christiansted, St. Croix, V.I., *for Appellees*: AIG Life Insurance Company, American Life Assurance Company, The Canada Life Assurance Company, Canada Life Insurance, Crown Life Insurance Company, and Kawasaki Leasing International, Inc.

BEFORE: MANSMANN, HUTCHINSON and LEWIS, *Circuit Judges*

## OPINION OF THE COURT

MANSMANN, *Circuit Judge*

This appeal arises out of the closing of the Carambola Beach Resort and Golf Club in St. Croix, United States Virgin Islands, due to economic reasons. The appellants are former employees of the Carambola whose employment was terminated when the hotel closed. Davis Beach Company, a Virgin Islands general partnership (comprised of Fairfield Virgin Islands, Inc. and Bodkin Development

389

Corporation), is the record owner of the Carambola. AIG Life Insurance Company, American International Life Assurance Company of New York, the Canada Life Assurance Company, Canada Life Insurance Company of America, Crown Life Insurance Company and Kawasaki Leasing International, Inc. ("the Lenders") made a loan to Davis Beach in February, 1987, which was secured by a first mortgage on the Carambola.

In this appeal we are asked to interpret the Virgin Islands Plant Closing Act, 24 V.I.C. § 471 et seq., and decide whether the Lenders were "employers" within the meaning of that statute. The Virgin Islands Plant Closing Act requires, inter alia, that an "employer" closing a facility provide all affected employees with 90 days' advance notice and severance pay. 24 V.I.C. §§ 472, 473. In addition, we are asked to decide whether the former employees of the Carambola had a private right of action under the Act.

I.

On or about September 26, 1990, Davis Beach made the business decision that continued operation of the Carambola was no longer financially feasible. As a result of this, the Lenders advanced funds to the Greenbrier Resort Management Company to continue operation of the hotel.[1]

On June 13, 1991, the resident manager of the Carambola informed the employees that the hotel would be closed at 5:00 p.m. on June 14, 1991, and their employment terminated. Thus, on June 14, 1991, 206 of the employees were terminated; 45 were retained to work on the farm and the golf course. On July 2, 1991, Davis Beach served notice of the Carambola's closing on the Commissioner of Labor.

On December 5, 1991, seventeen former employees of the Carambola filed this action seeking damages and declaratory relief. The district court certified the action as a class action on behalf of all employees terminated from employment at the Carambola on June 14, 1991. In their amended verified complaint, the employees asserted claims for wrongful termination (Count I) and claims for

---

[1] In an effort to protect their security interest, the Lenders "drew down" two letters of credit issued to them by Davis Beach. This allowed certain funds to be utilized by the managing company hired by Davis Beach to operate the Carambola.

benefits allegedly due them under the terms of their pension plans and health insurance plans (Counts II and III). Counts IV and V asserted claims under the Virgin Islands Plant Closing Act, Title 24, Virgin Islands Code § 471 et seq.; specifically, the employees alleged that they held a right of first refusal to purchase the property and sought a declaration that they own the property. See 24 V.I.C. § 475. These claims were asserted against Davis Beach, the owner of the Carambola; the Greenbrier Resort Management Company, the operator of the Carambola; and the various Mortgage Lenders.[2]

The Lenders moved for summary judgment with respect to Counts I, IV and V of the amended verified complaint. In granting the Lenders' motion, the district court held that the Lenders were not "employers" within the meaning of the Virgin Islands Plant Closing Act. The district court found that they were associated with the operation of the facility from September, 1990 through June 14, 1991, (a period less than one year) and thus were precluded from being considered "employers" or "operators" as defined by the Act which requires association for at least one year. The district court further held that the employees' lacked standing to bring private, individual causes of action under the Plant Closing Act and that the employees' rights under the Plant Closing Act were forfeited and waived when the Government of the Virgin Is-

---

[2] This case is the third case emanating from the closing of the Carambola. On June 14, 1991, the Lenders, as mortgagees, commenced an action in the District Court of the Virgin Islands, Division of St. Croix, captioned AIG Life Insurance Company, et al. v. Fairfield Virgin Islands, Inc. et al., Civil No. 160/1991, seeking foreclosure of their first mortgage on the Carambola and the appointment of a receiver. On June 17, 1991, the district court appointed a receiver for the hotel and gave the receiver complete and exclusive possession of the Carambola. A Final Summary Judgment of Foreclosure was entered on April 2, 1993, in favor of the Lenders.

On July 1, 1991, the Commissioner of Labor brought an action on behalf of the former Carambola employees, seeking relief under the Virgin Islands Plant Closing Act, 24 V.I.C. §§ 471 et seq. Luis S. Llanos Sr., Commissioner of Labor, Govt. of Virgin Islands v. Davis Beach Co., et al., No. 1991-186. The Lenders were later joined as third party defendants in the action. On April 2, 1993, the district court dismissed this action due to Llanos' failure to prosecute. The dismissal was not appealed.

These decisions, however, do not preclude us from reviewing the merits of this appeal. The principles of res judicata and collateral estoppel cannot be applied here because the final orders were apparently entered simultaneously with the decision in this case.

lands failed to prosecute those claims.[3] At the hearing, the district court orally granted the Lenders' motion for certification of the judgment as final, pursuant to Fed. R. Civ. P. 54(b).

On appeal, the employees of the Carambola assert that the trial court erred in granting the Lenders' motion for summary judgment because an issue of material fact existed with respect to whether the Lenders were "operators" of the Carambola. In addition, they assert that the Lenders are "employers" within the meaning of 24 V.I.C. § 471 et seq. and that the employees have standing to bring an action pursuant to 24 V.I.C. § 471.

■   Our review of a grant or denial of summary judgment requires that we view the facts in the light most favorable to the party against whom the judgment is sought and draw all reasonable inferences in favor of the nonmoving party, here the former employees of the Carambola. In order to affirm, we must conclude, as did the district court, that there are no genuine issues of material fact in dispute and that the movants, the Lenders and Davis Beach, are entitled to judgment as a matter of law.

■■   Since this appeal is taken from a final order granting summary judgment, our scope of review is plenary. Philadelphia and Reading Corp. v. United States, 944 F.2d 1063, 1070 (3d Cir. 1991). We exercise plenary review over questions of statutory construction. Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101–02 (3d Cir. 1981); Chrysler Credit Corp. v. First National Bank and Trust Company of Washington, 746 F.2d 200, 202 (3d Cir. 1984).

The district court's jurisdiction was predicated upon 28 U.S.C. §§ 1331 and 1367.[4] We have jurisdiction pursuant to 28 U.S.C.

---

[3] The district court also granted summary judgment on Count I, the wrongful termination claim under 24 V.I.C. § 16. The employees do not contest this ruling on appeal.

[4] The former employees of the Carambola asserted that the District Court of the Virgin Islands had jurisdiction pursuant to Title 48, United States Code, Section 1612 and Title 4, Virgin Islands Code, Section 32. Although this issue was not raised by any of the parties before the district court, on appeal Davis Beach contended that the district court lacked jurisdiction because the employees' amended verified complaint was filed on December 5, 1991—approximately two months after the district court was divested of jurisdiction over local matters by the Revised Organic Act of 1954, Section 22 (amended 1978), 4 V.I.C. § 76 effective October 1, 1991. See also Brow v. Farrelly, 994 F.2d 1027,

§ 1291. We turn now to the first issue raised on appeal, i.e., that the "Lenders" were "owners or operators" of the Carambola and thus were "employers" within the meaning of the Plant Closing Act.

## II.

The Virgin Islands Plant Closing Act expressly defines the term "employer":

> "Employer" means an individual corporation or other private business entity, whether for profit or not for profit, which owns or operates a facility, *at least one year*.

24 V.I.C. § 471(4) (emphasis added).

Assuming arguendo that the Lenders did in fact "operate" the Carambola, the Lenders nonetheless did not operate the resort for the period of time required by the Act. See 24 V.I.C. § 471(4). The undisputed facts in the record demonstrate that the Lenders "operated" the hotel from on or about September 26, 1990, until June 14, 1991, a period three months short of one year. Thus they could not fit within the "at least one year" requirement of the statute.

Nonetheless, the employees assert that the Lenders could meet the time requirement based on the principles of "tacking" and "successorship." The employees suggest that the Virgin Islands Plant Closing Act is a remedial statute and should be liberally construed. To accomplish this objective, the employees urge us to analogize this situation to the decisions concerning successor obligations in collective bargaining circumstances arising under the National Labor Relations Act. See Howard Johnson Co., Inc. v. Detroit Local Joint Executive Boards, 417 U.S. 249 (1974); NLRB v. Burns International Security Services, Ins., 406 U.S. 272 (1971); John Wiley and Sons, Inc. v. Livingston, 376 U.S. 543 (1964).

---

1034 (3d Cir. 1993). At oral argument, however, Davis Beach amended its position with respect to the jurisdictional issue to be consistent with that of the Lenders, who contended that jurisdiction in the district court existed pursuant to 28 U.S.C. § 1331 because Counts II and III of the amended complaint raised pension plan and health insurance claims which are preempted by ERISA, 29 U.S.C. § 1144(a). See Metropolitan Life Ins. Co. v. Taylor, 481 U.S.C. 58 (1987); Shiffler v. Equitable Life Assurance Society of U.S., 838 F.2d 78 (3d Cir. 1988). As a result of the district court's jurisdiction over these federal claims, the Lenders asserted that the district court had pendent jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the remaining counts of the complaint, Counts I, IV and V. We agree.

If we were to conclude that the Lenders are "successor employers," the employees contend next that the predecessor's time of interest could be "tacked" to the successors' interest in order to arrive at the statutory period required for liability. According to the employees, "[t]acking the period of initial investment and 'operation' of the facility with the period of operation of its predecessor [Davis Beach] renders the Lenders subject to the Plant Closing Act."[5]

■■ We find that the application of these principles is inappropriate in this case. Where, as here, the statute is clear and unambiguous, we have no choice but to interpret it as written. United States v. Clark, 454 U.S. 555 (1982) (the court need not consult other indicia of intent or meaning when the literal meaning of the statute is plain or clear and unambiguous); see also Solomon v. Klein, 770 F.2d 352 (3d Cir. 1985) (our responsibility in interpreting ERISA is to ascertain the intention of Congress in enacting ERISA and *not* its intention in enacting a separate federal statute). To apply principles of tacking and successorship would require us to ignore the clear and unambiguous statutory language of the Plant Closing Act.

We will not expand the definition of employer under the Plant Closing Act based on purported analogies to the NLRA and other unrelated employment statutes, but will enforce the statute according to its express terms. None of the decisions cited by the employees involved statutes that contained clearly, plainly and unambiguously stated time period requirements in their definitions of "employer."

We note further that the "tacking" cases relied upon by the employees arise in the area of Unemployment Insurance Compensation law. See, e.g., Cornwall Industries, Inc. v. Maine Department of Manpower Affairs, Employment Security Commission, 351 A.2d

---

[5] The employees of the Carambola assert that a material issue of fact exists with respect to whether the Lenders were "operators" of the Carambola. They contend that a jury should have decided two issues: 1) whether, from the evidence, the Lenders were operators of the hotel; and 2) the issue of successorship.

It is undisputed that the Lenders were not involved, other than as Lenders, prior to September, 1990. Since we conclude that the application of successorship principles is inappropriate in this case, there is no issue of material fact in dispute.

546; Stewart v. Maine Employment Security Commission, 125 A.2d 83 (Me. Sup. Ct. 1956). Unlike the Virgin Islands Plant Closing Act, the Virgin Islands Unemployment Insurance Compensation Law and the other insurance compensation laws relied upon expressly provide for successor liability. Thus, we find that these cases are inapplicable here.

We also find the successorship cases arising under the NLRA inapplicable. These cases involve obligations arising from the application of privately negotiated collective bargaining agreements, and *not* remedial statutes, to successor employers.

Having concluded that the Lenders are not "employers" within the meaning of the Virgin Islands Plant Closing Act, we need not reach the employees' assertion that they had standing to bring an action under the Plant Closing Act.

### III.

For the foregoing reasons, we will affirm the judgment of the district court.