Daniel J. EVERETT, et al., Plaintiffs,

v.

SCHNEIDER, et al., Defendants.

Civ. No. 95–0173F.

District Court, Virgin Islands, D. St. Thomas and St. John.

April 24, 1997.

722

John E. Stout, St. Thomas, V.I., for plaintiffs.

Kerry E. Drue, St. Thomas, V.I., for defendants.

Joan K. Roth, St. John, V.I., for Amicus Curiae St. John Car Rental Inc.

## Memorandum Opinion

FINCH, District Judge.

This matter comes before the Court on the Plaintiffs' motion for preliminary injunction and the Defendants' motions to dismiss and for partial summary judgment. The Plaintiffs claim that a recent law of the Virgin Islands prohibiting the shipment of rental cars and taxis between St. Thomas and St. John is unconstitutional. The Plaintiffs contend that the law is unconstitutional as violating the Commerce Clause, the Privileges and immunities Clause, and Equal Protection Clause. For the reasons discussed herein, the Court finds that the Plaintiffs' only viable cause of action is under the Commerce Clause, dismisses the claims against Governor Schneider, and enjoins the remaining Defendants from enforcing the law.

### I. Background and Facts

Act No. 6077 was enacted in August 1995 imposing restrictions on the use of all rental cars and taxis. The Act confines the operation of such vehicles to the island listed on the their registrations and license plates and prohibits their transportation for use on any other island. It also imposes a penalty for violation of these restrictions.

The Plaintiffs in this case are Blue Lines, Inc. a company providing inter-island barging of automobiles from St. Thomas to St. John and residents of the United States mainland who either visited or had planned to visit the territory and transport their rental cars from St. Thomas to St. John via barge, but who were allegedly prevented from so doing by the enactment and enforcement of the Act.

The Plaintiffs filed a motion for temporary restraining order and preliminary injunction against Defendant Governor Roy L. Schneider. After a hearing on the matter, the Court issued an order, holding in abeyance its ruling on the Plaintiffs' motion and giving the Plaintiffs leave to amend their complaint to allege clear evidence of enforcement of the Act by the Governor, or to name as a party a person responsible for enforcement of the Act. The Plaintiffs amended the complaint adding as defendants Julio A. Brady, Attorney General of the Virgin Islands, Ramon Davila, Virgin Islands Police Department Commissioner and Vera M. Falu, Virgin Islands Department of Licensing and Consumer Affairs Commissioner. The Court now again considers the Plaintiffs' motion.

### II. Discussion

The motions before the Court are addressed in the following order: First, the motions to dismiss the claims based on the Privileges and Immunities Clause, Equal Protection Clause and 42 U.S.C. § 1983 are discussed. Next, the motions to dismiss the claim under the Virgin Islands Tort Claims Act and the motion to dismiss as to the Governor are considered. Finally, the motion for preliminary injunction is decided.

### A. Privileges and Immunities Clause

The Privileges and Immunities Clause of Article IV, Section 2 provides: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." It ensures that rights granted by a state to its residents are not withheld from residents of another state. It thereby limits a state's power to discriminate against residents of another state. Without such discrimination, however, the Privileges and Immunities Clause is not implicated. For example in *Lutz v. City of York*, the Third Circuit held that because an "ordinance restricts certain travel by in-staters and out-of-staters identically ... [t]o the extent that the right to travel grows out of the Article IV Privileges and Immunities clause, plaintiffs' claim is without merit ." 899 F.2d 255, 263 (3d Cir.1990).

If Act No. 6077 treated residents of the Virgin Islands differently than residents of

other states and territories, it would violate the Privileges and Immunities Clause. However, the Act does not discriminate against individuals based on their residency. On the contrary, Act No. 6077 treats similarly situated resident Virgin islanders and nonresident tourists the same. Act No. 6077 prohibits both groups from barging any rental cars registered in St. Thomas to St. John. Thus, in light of *Lutz*, the Plaintiffs' claim under the Privileges and Immunities Clause is dismissed. Because the Court dismisses this claim, the Defendants' motion for partial summary judgment on this claim is moot.

### B. Equal Protection Clause

■ The Plaintiffs claim that "[e]nforcement of the Act denies nonresident Plaintiffs the equal protection of the laws in that it discriminates against them by burdening or denying them their right to travel and engage in interstate commerce, while residents are permitted to fully enjoy the same rights." The Plaintiffs support this claim with statistics that indicate that the vast majority of rental cars are rented by non-residents. However, showing that the Act has a discriminatory effect is insufficient to state a cause of action under the Equal Protection Clause. *See Bell v. United States*, 754 F.2d 490, 495 (3d Cir.1985) (citing *Washington v. Davis*, 426 U.S. 229, 239, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976)). The Plaintiffs must also prove that the legislators had a discriminatory intent. *See id.* Although the Plaintiffs claim that the legislative intent was to economically protect the St. John rental agencies at the expense of the barge operator and St. Thomas rental agencies, they do not allege any intention of the legislators to discriminate against non-residents in favor of residents. Because the non-resident Plaintiffs do not claim that the legislators intended to discriminate against them, the claim under the Equal Protection Clause is dismissed.

### C. Suit under 42 U.S.C. § 1983

The Plaintiffs claim that enforcement of Act No. 6077 violates their rights under the Commerce Clause and bring suit under 42 U.S.C. § 1983. *See Dennis v. Higgins*, 498 U.S. 439, 440, 111 S.Ct. 865, 866, 112 L.Ed.2d 969 (1991) (holding that suits for violations of the Commerce Clause may be brought under 42 U.S.C. § 1983). Section 1983 provides that "[e]very person who, under color of any statute ... subjects ... any citizen of the United States ... to the deprivation of any rights ... shall be liable to the party injured."

■ The Defendants argue that the Plaintiffs may not bring suit under section 1983 because they are being sued only in their official capacities. However, for the purposes of section 1983, territorial officials sued in their official capacities are not "persons" with respect to suits for retrospective damages, *Brow v. Farrelly*, 994 F.2d 1027, 1037 n. 11 (3d Cir.1993), but are "persons" with respect to suits for prospective injunctive relief, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n. 10, 105 L.Ed.2d 45 (1989); *Ex parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–54, 52 L.Ed. 714 (1908). Because in this case, the Plaintiffs sued territorial officials only in their official capacities the claim for injunctive relief may be maintained under section 1983, but damages are not available.

### D. Virgin Islands Tort Claim Act

Plaintiff Blue Lines claims that it is entitled to recover monetary damages from the Defendants by virtue of the Virgin Islands Tort Claims Act ("VITCA"), 33 V.I.C. §§ 3401–18. By enacting VITCA, the Government of the Virgin Islands waived its immunity from liability with respect to injuries caused by the tortious acts of its employees under certain circumstances. 33 V.I.C. § 3408 (1994).

■ However, the Government of the Virgin Islands is not a party to this suit. Furthermore, mere enforcement of Act No. 6077 does not constitute a "negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands" for which the Government can be held liable under VITCA. *Id.* Finally, although suing government officials in their official capacities is in essence a suit against the government, *Kentucky v. Graham*, 473

U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985), the Defendants are sued only for injunctive relief, not damages. Thus, VITCA is inapplicable to this action and the VITCA claim is dismissed.

### E. Motion to Dismiss as to the Governor

■ The Defendant Governor Schneider seeks to be dismissed from this action. Whether Governor Schneider is a proper defendant depends on whether he has enforced or threatened to enforce Act No. 6077 against the Plaintiffs. *See 1st Westco Corp. v. School Dist. of Phila.*, 6 F.3d 108, 113 (3d Cir.1993). The Plaintiffs do not allege that the Governor has enforced or threatened to enforce the Act. Although the Governor has generally authority to enforce territorial laws, such general authority is insufficient to make him a proper party to a suit challenging the constitutionality of a particular law. *Id.* Furthermore because the Plaintiffs may challenge the constitutionality of the Act by naming government officials charged with direct enforcement, there is no reason to strain to reach Governor Schneider. *Rode v. Dellarciprete*, 845 F.2d 1195, 1208–9 (3d Cir. 1988). Thus, the motion to dismiss as to the Governor is granted.

### F. Preliminary Injunction

A preliminary injunction is appropriate when "(1) there is a likelihood that the moving party will succeed on the merits; (2) irreparable injury will befall the moving party if injunctive relief is withheld; (3) the grant of relief will not cause greater harm to the non-moving party; and (4) the public interest is furthered by the Court granting the request for injunctive relief." *Rivera v. United States*, 910 F.Supp. 239, 241 (D.Vi. 1996). The strength of any single factor reduces the necessary showing with regard to the others. *Olmeda v. Schneider*, 889 F.Supp. 228, 231 (D.Vi.1995).

#### 1. Likelihood of Success

For a preliminary injunction to issue, the Plaintiffs must present a prima facie case. Although they must demonstrate a reasonable probability of success, they need not show that they are certain to win. 11A

Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2948.3 at 188 (1995). The probability of success need not be as high when Plaintiffs show that they would be more severely prejudiced by a denial of the injunction than the Defendants would be by its grant. *Id.* at 196–97.

■ The Plaintiffs remaining claim is that Act No. 6077 violates the Commerce Clause, U.S. Const. art. I, § 8. The Commerce Clause not only grants Congress the power to regulate interstate commerce, it also limits the power of the states to burden or impede interstate commerce. *C & A Carbone, Inc. v. Town of Clarkstown, New York*, 511 U.S. 383, 389, 114 S.Ct. 1677, 1681, 128 L.Ed.2d 399 (1994); *Jackson v. West Indian Co.*, 944 F.Supp. 423, 430 (D.VI.1996). Such limitation is referred to as the "dormant commerce clause." *Jackson*, 944 F.Supp. at 430. Although Congress has not made the Commerce Clause applicable to the Virgin Islands, the dormant commerce clause applies to the Virgin Islands through the Territorial Clause, Art IV, § 3, cl. 2. *Id.* The Third Circuit held in *Polychrome Intern. Corp. v. Krigger*, that "when territorial enactments affect interstate or foreign commerce—a subject over which Congress has supreme control—those enactments must be scrutinized under Dormant Commerce Clause principles. Any other conclusion would mean that an unincorporated territory would have more power over commerce than the states possess." 5 F.3d 1522, 1534 (3d Cir.1993) (quotations and citation omitted).

■ Although a territorial action that discriminates in favor of territorial interests is subject to a heightened level of scrutiny, actions which only have an incidental effect on interstate commerce are governed by a balancing test. The incidental burden on interstate commerce must be "clearly excessive in relation to the putative local benefits" for the action to be declared unconstitutional. *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970); *accord Norfolk Southern Corp. v. Oberly*, 822 F.2d 388, 399 (3d Cir.1987); *Jackson*, 944 F.Supp. at 430.

In its recent decision in *Jackson v. West Indian Company, Ltd.*, the court considered whether an agreement granting Virgin Islands Taxi Association members the exclusive right to pick up certain cruise-ship passengers from the dock violated the dormant commerce clause. 944 F.Supp. at 424. The court considered the incidental burden on interstate travelers and concluded that the burden on the interstate travelers was "not so substantial and unreasonable that it violates the Commerce Clause."

The court distinguished the facts presented in *Jackson* from the circumstances in *Southerland v. St. Croix Taxicab Ass'n*, 315 F.2d 364 (3d Cir.1963). *Jackson*, 944 F.Supp. at 431. In *Southerland* the Third Circuit held that a law granting the St. Croix Taxicab Association the exclusive right to transport passengers from the Alexander Hamilton airport unreasonably burdened interstate commerce as applied to a travel agency providing so-called "package" or "all-expense" tours including transporting tourists from the airport to their hotels. *Southerland*, 315 F.2d at 369. According to the court in *Southerland*,

> [t]o force an individual engaged in an interstate journey which includes transportation by plaintiff's vehicle to abandon that transportation for which he has paid and which will provide him with the type of vehicle and insurance protection which he desires and employ a local taxicab operator who may well not provide him with either is clearly to impose an unwarranted burden on the interstate commerce involved.

*Id.* at 369.

■ Here six of the Plaintiffs claim that the Act by prohibiting them from using their cars rented in St. Thomas on St. John substantially impeded their interstate journeys. For example, Joseph and Bernice Dickerman, Pennsylvania residents, made plans in April 1995 for a December vacation in St. John. They made reservations to travel by air from Pennsylvania to St. Thomas and to rent a car in St. Thomas for travel to St. John. They also made a reservation with Blue Lines to barge themselves and their rental car to St. John. These reservations, all of which were made from Pennsylvania

would have allowed the Dickermans to travel interstate directly from their home in Pennsylvania to St. John and back to Pennsylvania, without impediment. Such a journey involves interstate commerce; the Dickermans would have been in the stream of commerce from the time they left their homes until they returned home again. *See U.S. v. Yellow Cab Co.*, 332 U.S. 218, 67 S.Ct. 1560, 91 L.Ed. 2010 (1947) (holding that when people travel interstate, "the fact that a part of that journey consists of transportation ... solely within the boundaries of one state does no make that portion of the trip any less interstate in character"); *Southerland*. 315 F.2d at 369.

In September 1995, the Dickermans learned that they would have to change their plans because of the passage of the Act. They considered alternate methods of transportation from St. Thomas to St. John to be less convenient and more costly than their original plans. They would have to travel with their luggage via taxi from the airport to the passenger ferry traveling to St. John. Once on St. John, they would have to rent a car on St. John at greater expense than renting on St. Thomas. This arrangement would require them to handle their luggage more than if they rented a car on St. Thomas. The entire process would be reversed upon the return leg of their journey. Ultimately, they decided not to travel to St. John if the Act remained in effect and they were unable to obtain a reservation from a car rental agency on St. John.

In deciding whether to grant or deny a motion for preliminary injunction, the Court must consider the peculiar facts of each case. *Southerland*, 315 F.2d at 368. The facts in this case more closely approach those in *Southerland* than those in *Jackson*. Thus, the Court finds that it is reasonably probable that the Plaintiffs will succeed on the merits.

2. Irreparable Injury

■ Even when an applicant for a preliminary injunction shows a likelihood of success on the merits, when an adequate remedy in the form of money damages or other relief is available, the preliminary injunction will usually be denied. 11A Charles A. Wright,

Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1, at 149–50 (1995). Through testimony at the preliminary injunction hearing, Plaintiff Blue Lines indicates that the potential enforcement of Act No. 6077 has caused an immediate reduction in its revenues in that about 10 or 11% of the cars it regularly had transported prior to the Act were rental cars. However, even if the Plaintiffs prevail, Blue Lines has no means of recovering any monetary damages from the Government of the Virgin Islands or its officials acting in their official capacities Thus, although such harm is unlikely to cause Blue Lines' business to fail, it is nonetheless irreparable. *See Ohio Oil Co. v. Conway*, 279 U.S. 813, 814, 49 S.Ct. 256, 257, 73 L.Ed. 972 (1929) (holding that because no damages could be obtained by the plaintiff if a statute were found invalid, an injunction was warranted).

### 3. Harm to the Non-moving Party

The Defendants do not argue that granting the injunction would harm them. The primary effect on the Defendants of prohibiting the enforcement of Act No. 6077 would be to relieve the Defendants of such enforcement duty. Although car rental agencies in St. John may suffer an economic loss, they are not parties to this suit. Thus, the potential harm to the non-moving party of granting the Plaintiffs' motion for an preliminary injunction is inconsequential.

### 4. Public Interest

█ Whether Act No. 6077 is in the public interest is disputed by the parties. Ostensibly the Act was intended to relieve congestion in St. John. Governor Schneider, in a letter to the President of the 21st Legislature of the Virgin Islands, stated that because of barging,

> St. John has become congested with new vehicular traffic. Parking lots are packed, streets are full, and the regulatory limits on vehicles no longer protect the safety, availability or quality of service on St. John.... Vehicular use is restricted because we do not have enough roads, parking lots, or police to support unlimited numbers of these vehicles. This is particularly true on St. John.

However, the legislature did not indicate the Act's purpose, and the Plaintiffs claim that the Act was passed only to economically protect the rental agencies in St. John. Newspaper articles and fliers submitted to the Court by the Plaintiffs support their contention. Because at this juncture the Act's objectives are not clearly discernible, the public interest consideration does not tip the balance either way.

### 5. Preliminary Injunction Determination

The Court finds that the Plaintiffs' have a reasonable likelihood of success on the merits, that the harm to the Plaintiff Blue Lines is irreparable, that there is virtually no harm to the non-moving party, and that whether the enforcement of the Act is in the public interest is not readily ascertainable. Thus, a preliminary injunction is warranted.

### III. Conclusion

█ The Defendants' motion to dismiss Count I entitled Violation of the Commerce Clause is denied. Their motion to dismiss Count II entitled Violation of Privileges and Immunities, Count III entitled Equal Protection and Count V entitled Tort Claims Act are granted. Their motion for partial summary judgment on Count II and Count V is denied as moot. Their motion to dismiss the claims against the Governor is granted. The Plaintiffs' motion for a preliminary injunction is granted. The Defendants are enjoined from enforcing Act No. 6077. An appropriate order is attached.

### ORDER

For the reasons stated in the Memorandum Opinion of even date, it is hereby **ORDERED** that the Defendants' motion to dismiss Count I entitled Violation of the Commerce Clause is **DENIED**. Their motions to dismiss Count II entitled Violation of Privileges and Immunities, Count III entitled Equal Protection and Count V entitled Tort Claims Act are **GRANTED**. Their motion for partial summary judgment on Count II and Count V is **DENIED** as moot. Their motion to dismiss the claims against the Governor is **GRANTED**. The Plaintiffs' motion for a preliminary injunc-

tion is **GRANTED.** The Defendants are enjoined from enforcing Act No. 6077.