**Errol STANLEY, Nigel Charles, Melvin Neal, Joseph Sonny, Wranda Davis individually and as representatives of a class of persons too numerous to name individually, Plaintiffs,**

v.

**ST. CROIX BASIC SERVICE, INC., Basic Industries Inc., Hovensa, LLC., and Amerada Hess Corporation, Defendants.**

**No. CIV.2003/0055.**

District Court, Virgin Islands,
D. St. Croix.

Oct. 23, 2003.

---

K. Glenda Cameron, Law Offices of Lee J. Rohn, Christiansted, VI, for Plaintiffs.

Linda J. Blair, Bryant, Barnes & Moss, LLP, Christiansted, VI, for Defendants Hovensa, L.L.C. and Amerada Hess Corporation.

### MEMORANDUM OPINION

FINCH, District Judge.

THIS MATTER comes before the Court on the Partial Motion to Dismiss in Lieu of an Answer filed jointly by Defendants HOVENSA, L.L.C. [hereinafter "HOVENSA"] and Amerada Hess Corpo-

ration ["AHC"].[1] Defendants request that the Court dismiss Plaintiffs' claim brought for violation of the Virgin Islands Plant Closing Act, 24 V.I.C. §§ 471–478 because the Plant Closing Act does not encompass a private right of action and because Defendants are not Plaintiffs' "employer" as defined by the Act.

## I. Violations of the Virgin Islands Plant Closing Act May Be Remedied Through a Private Cause of Action.

 The Attorney General of the Virgin Islands may bring an action to obtain an injunction to restrain violations of the Plant Closing Act pursuant to 24 V.I.C. § 477. However, the Court has held that it cannot enjoin a violation that is not continuing. *Llanos v. Davis Beach Co.,* 1991 WL 182248, 26 V.I. 367, 377 (D.Virgin Islands 1991). For example, once a plant has closed, the Court cannot require advance notification. *Id.* After the period has passed during which the employer must make severance payments, the Court cannot issue an injunction requiring the employer to make such severance payments. *Id.*

The Attorney General may also bring criminal charges against the employer pursuant to 24 V.I.C. § 476. Section 476 provides that "[a]ny employer who willfully violates any provision of this chapter or any rule or regulation issued pursuant thereto shall be guilty of a misdemeanor and shall be subject to a fine of not less than $100 for each affected employee."

Although an employer is subject to criminal penalties for violating the Plant Closing Act, nowhere in the Plant Closing Act is there any explicit means through which employees may reap the benefits of all of the provision of the Plant Closing Act. In determining whether to allow a private cause of action, the Court is guided by Restatement (Second) of Torts § 874A, *see* 1 V.I.C. § 4, which states:

> When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

The implicit purpose of the Plant Closing Act is to protect the employees in the territory by assuring them that "they are not left jobless overnight," and allowing them "a reasonable period within which they may search for employment, and take advantage of any employment opportunities which may arise during that period." *Gladfelter v. Fairleigh Dickinson University,* 25 V.I. 91, 97 (Terr.Ct.1990).

The Court finds that allowing a civil remedy will further the purpose of Plant Closing Act and assure the effectiveness of its provisions. Moreover, "the maxim *Ubi ius ibi remedium,* suggest[s] that if the legislation created a right it must have been intended to create an adequate remedy to enforce that right." Restatement (Second) of Torts § 874A, cmt b. Absent civil liability, an employer could evade pay-

---

**1.** As Plaintiffs notes, because the Partial Motion to Dismiss in Lieu of an Answer was filed at the same time as the Answer, it should have been framed as a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. However, since the parties have not submitted any matters outside the pleadings, the Court will treat it as it would a motion to dismiss pursuant to Rule 12(b)(6). *See Learner v. Fauver,* 288 F.3d 532, 535 (3d Cir.2002).

ing severance pay or providing advance notification. Thus, in accordance with Restatement (Second) of Torts § 874A, the Court holds that Plaintiffs may bring a private cause of action for violation of the advance notification and severance pay provisions of the Virgin Islands Plant Closing Act.

## II. HOVENSA and AHC May Be Plaintiffs' Employers under the Virgin Islands Plant Closing Act.

The Plant Closing Act defines "employer" as "an individual, corporation, or other private business entity, whether for profit or not for profit, which owns or operates a facility, at least one year." 24 V.I.C. § 471(4). Although the Commissioner of the Department of Labor has the authority pursuant to 24 V.I.C. § 478 to adopt rules and regulations further interpreting the term "employer," the Commissioner has not done so. Thus, the Court looks to the construction the United States Secretary of Labor has given the term "employer" as it is used in the Worker Adjustment and Retraining Act of 1988 ("WARN"), 29 U.S.C. § 2101, *et seq.*

Under the WARN regulations promulgated by the Secretary, "business entities related to an 'employer' can themselves be considered an 'employer' by reason of that relationship." *Cruz v. Robert Abbey, Inc.,* 778 F.Supp. 605, 609 (E.D.N.Y.1991). According to the Secretary's definition,

> independent contractors ... are treated as separate employers or as part of the ... contracting company depending upon the degree of their independence .... Some of the factors to be considered in making this determination are (I) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common

source, and (v) the dependency of operations.

20 C.F.R. § 639.3. Since there is no Restatement on point, and no local law to the contrary, *see* 1 V.I.C. § 4, the Court adopts this interpretation in applying the term "employer" as it is used in the Virgin Islands Plant Closing Act.

Plaintiff alleges that "Defendants jointly met and conspired as to labor decisions." Complaint ¶ 15. According to Plaintiffs, the contracts among HOVENSA, AHC, Basic Industries and St. Croix Basic are cost plus contracts, requiring HOVENSA and AHC to "approve and pay all labor costs, including but not limited to all benefits and severance pay." *Id.* ¶ 16. Plaintiffs also claim that for over 20 years HOVENSA and AHC have transferred workers from one subcontractor to another. *Id.,* ¶ 17. Thus, Plaintiffs' Complaint indicates de facto exercise of control by HOVENSA and AHC, unity of personnel policies emanating from a common source, that source being HOVENSA and AHC, and some dependency of operations.

Taking all inferences in Plaintiffs' favor, the Court finds that Plaintiffs' claim that HOVENSA and AHC have violated their rights under the Plant Closing Act cannot be dismissed at this juncture on the basis that HOVENSA and AHC were not their "employers."

## III. Conclusion

For the foregoing reasons, the Partial Motion to Dismiss in lieu of an Answer filed by HOVENSA and AHC, which the Court has viewed as a partial motion for judgment on the pleadings, is **DENIED.**

### *ORDER*

THIS MATTER comes before the Court on the Partial Motion to Dismiss in Lieu of an Answer filed jointly by Defendants HO-

VENSA, L.L.C. [hereinafter "HOVEN-SA"] and Amerada Hess Corporation ["AHC"] seeking dismissal of any claims against them for violation of the Virgin Islands Plant Closing Act, 24 V.I.C. §§ 471–478. For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Partial Motion to Dismiss in lieu of an Answer filed by HOVENSA and AHC, which the Court has viewed as a partial motion for judgment on the pleadings, is **DENIED**.