**PATRICIA J. O'NEILL and BRIAN PETERSEN, Plaintiffs**

**v.**

**ALBERT JAMES ENTERPRISES, INC., Defendant,**
**PAUL DUÉ, Intervenor/Defendant**

O'NEILL v. ALBERT JAMES ENTERPRISES, INC.

Civil No. 211/2004

Territorial Court of the Virgin Islands

Division of St. Croix

November 9, 2004

ANDREW C. SIMPSON, ESQ., Christiansted, U.S. Virgin Islands, *Attorney for Plaintiff*.

DOUGLAS A. BRADY, ESQ., Jacobs & Brady P.C., Christiansted, U.S. Virgin Islands, *Attorney for Defendant*.

WARREN B. COLE, ESQ., Hunter, Cole and Bennett, Christiansted, U.S. Virgin Islands, *Attorney for Intervenor/Defendant*.

DONOHUE, *Judge*

## MEMORANDUM OPINION

(November 9, 2004)

THIS MATTER is before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction seeking to restrain and enjoin Defendant, Albert James Enterprises, Inc. from selling the restaurant known as Café Madeleine, or Villa Madeleine, in order that they may invoke their rights under the Virgin Islands Plant Closing Act and purchase the restaurant.

In their verified complaint, Plaintiffs do not offer specific facts to provide a clear showing that "immediate and irreparable injury, loss, or damage" would result before Defendants could be heard in opposition. Neither did the complaint clearly demonstrate that the facts of this case satisfy the elements required for issuing an injunction under the Virgin Islands Plant Closing Act. Therefore, rather than grant Plaintiffs' Motion for Temporary Restraining Order without notice to the defendants, a hearing on Plaintiffs' motion and the request for Preliminary Injunction was held on May 10, 2004 and May 11, 2004.

Paul Dué filed a motion to intervene pursuant to FED. RULE CIV. PROCEDURE 24(a). This Court granted the request to intervene, since the current action seeks to void the contract for sale between the Defendant and Intervenor Paul Dué. At the Hearing, after all testimony and exhibits were received into evidence, both Defendant Albert James Enterprises, Inc. (Albert) and Intervener Paul Dué (Dué) requested that this Court merge the hearing for preliminary injunction and permanent injunction into one. Albert and Dué oppose Plaintiffs' action and contend that the Plant Closing Act does not apply to the current case, and that even if the Act did apply, this court cannot enjoin past violations.

## I. STATEMENT OF FACTS

Plaintiffs are both employed by Albert James Enterprises, Inc. as employees of Café Madeleine, where they both have worked for at least the last two seasons. Plaintiff, Patricia J. O'Neill, has been employed by Café Madeleine as a server and bartender for the last three seasons. Plaintiff, Brian Petersen, is a part-time employee of the restaurant for the last four seasons. He is also currently employed with Security

61

Administration under the Office of Homeland Security for the last two years on a full-time basis.

Villa Madeleine Greathouse in Estate Teague Bay, St. Croix, U.S. Virgin Islands includes real estate, a business office and the restaurant, Café Madeleine. The restaurant is a business that is contained within the property. Café Madeleine, on the average, employs at least ten (10) employees who work on a seasonal basis. A season is generally eight to ten months long, but is dependent upon the amount of business generated during the tourist season. The restaurant's 2003 season lasted from October 2002 to July 2003. The recent 2004 season lasted from November 2003 to May 9, 2004.

Villa Madeleine Greathouse was put on the market for sale in June 2002. Sometime between December, 2003 and March, 2004, Albert James Enterprises, Inc. received a verbal offer to purchase the Greathouse from a Mr. Kevin Brandt. On March 31, 2004, Defendant Albert James Enterprises and Defendant/Intervenor Paul Dué entered into a contract for the sale of the Villa Madeleine Greathouse, which included Café Madeleine. The sale of the Villa Madeleine Greathouse to Mr. Dué was scheduled to close on May 14, 2004.

Shortly after Albert and Dué entered into the contract for the sale of Villa Madeleine Greathouse, Kevin Brandt offered Mr. Dué $50,000.00 to purchase Dué's right to purchase Villa Madeleine Greathouse. Mr. Dué then demanded $300,000.00 for his right to purchase the property. On April 19, 2004, Paul Dué's attorney received a letter from Kevin Brandt's attorney, wherein Mr. Brandt again offered to purchase Mr. Dué's contract for $50,000.00. That letter of April 19, 2004 also seemed to threaten the use of litigation under the Virgin Islands Plant Closing Act should Mr. Dué continue to reject Mr. Brandt's offer to purchase the contract. In a letter dated April 28, 2004, Mr. Brandt increased his original offer of $50,000.00 to $100,000.00. This letter stated that this was the final offer, that no counteroffer would be considered and that the offer expired at 10:00 a.m. on April 29, 2004.

On or about May 3, 2004, Plaintiffs signed a document titled "Agreement to Finance" with Kevin M. Brandt, President of Save the Café, Inc. The purpose of this agreement was to induce Plaintiffs as employees of Café Madeleine to file an action for a temporary restraining order and preliminary injunction to enjoin the sale of Villa

Madeleine Greathouse to Paul Dué.[1] That agreement also required that plaintiffs retain Attorney Andrew C. Simpson[2] with all costs for litigation, including full indemnification, to be paid by Save the Café, Inc. If Plaintiffs decide to use other counsel, then Plaintiffs would have to bear the cost.

Albert James Enterprises, Inc. gave notice to the employees that the restaurant would be closing for the season following the Mothers' Day dinner on May 9, 2004. The employees were not advised, however, that the restaurant could possibly be closing permanently.

On May 3, 2004, the same day that Plaintiffs entered into the "Agreement to Finance" with Kevin Brandt, the plaintiffs also filed the current Action and motion for Temporary Restraining Order and Preliminary Injunction with the Court. Plaintiffs assert that Defendant Albert James Enterprises, Inc. has violated the Virgin Islands Plant Closing Act because it failed to provide employees of the restaurant with ninety (90) days notice of the closing of the restaurant and did not allow them to exercise their right of first refusal in the sale of the Villa Madeleine Greathouse. Neither the Attorney General nor the Commissioner of Labor was notified of the alleged violations of the Plant Closing Act.

### III. LEGAL STANDARD

**Restraining Orders and Injunctions**

FED. R. CIV. P. 65(b) provides in pertinent part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

---

[1]  Kevin Brandt was never an employee of Café Madeleine and therefore could not bring an action pursuant to the Plant Closing Act on his own.

[2]  Attorney Andrew C. Simpson also represents Kevin Brandt.

In order to prevail in an action for injunction, Plaintiffs must demonstrate that: (1) they are likely to succeed on the merits; (2) if relief is not granted, they will experience irreparable harm; (3) granting relief will not cause greater harm to the defendants, Albert James Enterprises, Inc. and Paul Dué; and (4) it is in the public interest to grant injunctive relief. *C & C/Manhattan v. Government of the Virgin Islands*, 40 V.I. 51, 68 (Terr. Ct. 1999), (citing *Everett v. Schneider*, 989 F. Supp. 720, 724 (D.V.I. 1997). "A preliminary injunction is an extraordinary remedy which should be granted only when necessary to protect the moving party from irreparable injury and to preserve the court's ability to render a meaningful decision after a trial on the merits. *Gladfelter v. Fairleigh Dickinson University*, 25 V.I. 91, 95 (TCVI 1990) (quoting *Van Arsdel v. Texas A. & M. University*, 628 F.2d 344 (5th Cir. 1980) (citing *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). This drastic remedy should only be granted where a movant, by a clear showing, carries the burden of persuasion. *Id.* (citing 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2948 (1973).

## The Virgin Islands Plant Closing Act

The implicit purpose of the Plant Closing Act is to protect the employees in the territory by assuring them that "they are not left jobless overnight," and allowing them "a reasonable period within which they may search for employment, and take advantage of any employment opportunities which may arise during that period." *Stanley*, 291 F. Supp. 2d 379, 381 (D.V.I. 2003) (quoting, 25 V.I. 91, 97 (1990). The Virgin Islands Plant Closing Act grants the Courts only the authority to restrain ongoing violations of the Plant Closing Act. Title 24 V.I.C. § 477. "However, the Court has held that it cannot enjoin a violation that is not continuing". *Llanos v. Davis Beach Co.*, 26 V.I. 367 (1991). In order for the Court to exercise this authority, there must be a "plant closing" within the meaning of the statute.

Title 24 V.I.C. Section 471 states:

(1) "Advance notification" means a written declaration by an employer, in a form and manner prescribed by the Commissioner, that a plant closing will occur;

(2) "Commissioner" means the Commissioner of the Department of Labor of the Virgin Islands

(3) "Employee" means an individual who is or has performed services for wages, whether full-time or part-time, at a facility, who at the point of termination has received said wages for one consecutive year, and who is otherwise eligible for unemployment benefits;

(4) "Employer" means an individual, corporation, or other private business entity, whether for profit or not for profit, which owns or operates a facility, at least one year;

(5) "Facility" means a plant, factory, commercial business, institution or other place of employment located in the Virgin Islands; which had 10 or more employees during any month in the six month period prior to the date of plant closing;

(6) "Plant closing" means a permanent cessation or reduction of business at a facility which results or will result as **determined by the Commissioner** in the permanent separation of at least 50 percent of the employees of said facility within a period of six months prior to the date of actual or anticipated termination of business or within such other period as the Commissioner shall prescribe, provided that such period shall fall within the six month period prior to the date of actual or anticipated termination of business. Plant closing shall not include facilities which are closed under the provision of the Federal Bankruptcy Act, 11 U.S.C. 101 *et seq.*, except for employers in reorganization proceedings and facilities closed due to a physical calamity or natural disaster.

Title 24 V.I.C. § 477 provides:

"In addition to any other penalties prescribed by law, the Attorney General may bring action in any court in the Virgin Islands to restrain violations of this chapter."

## IV. DISCUSSION

### Standing

Before this Court determines whether injunctive relief pursuant to the Plant Closing Act is appropriate, the court must first determine whether the parties requesting the relief have standing to pursue this specific course of action. Plaintiffs have not shown that they meet the definition of employees as defined by the Plant Closing Act. The Act defines an

employee as "an individual who is or has performed services for wages, whether full-time or part-time, at a facility, who at the point of termination has received said wages for one consecutive year, and who is otherwise eligible for unemployment benefits." Title 24 V.I.C. 471(3).

Here, the statute is clear and unambiguous, and the Court has no choice but to interpret it as written. See *Christopher v. Davis Beach Co.*, 15 F.3d 38 at 42, 29 V.I. 388 (1994) (citing *United States v. Clark*, 454 U.S. 555, 102 S. Ct. 805, 70 L. Ed. 2d 768 (1982) (the court need not consult other indicia of intent or meaning when the literal meaning of the statute is plain or clear and unambiguous)). The Court construes the term "one consecutive year" to mean one continuous year or twelve consecutive months. Plaintiff Patricia O'Neill was employed at the restaurant from September 2002 until August 2003 (eleven months), and from November 2003 to May 2004 (six months). Defendant Brian Petersen was employed for a short period in June of 2001; from August, 2001 to July 2002 (eleven months); from October 2002 to August 2003 (ten months) and from November 2003 to May 2004 (five months). Neither has worked for one consecutive year, which, absent evidence of legislative intent to the contrary, this Court cannot find that they are employees within the meaning of the Plant Closing Act.

Even if the plaintiffs satisfy the aforementioned requirement, the Act also requires "employees" to be eligible for unemployment benefits at the time of termination. Plaintiff Brian Petersen testified at the hearing that he is employed, on a full time basis, with Homeland Security. The Court is not convinced that this plaintiff meets this requirement, as he is not eligible for unemployment benefits at the time of the restaurant's closing. As Plaintiffs argued at the hearing, he would possibly be eligible if he did not have other full time employment, however, the Court is not convinced that this is an accurate interpretation of legislative intent. As stated earlier "the implicit purpose of the Plant Closing Act is to protect the employees in the territory by assuring them that 'they are not left jobless overnight,' and allowing them 'a reasonable period within which they may search for employment opportunities which may arise during that period'" *See Stanley*, 291 F. Supp. 2d at 381. This purpose is defeated by the fact that this plaintiff will not be left jobless due to the closing of the restaurant and will not be required to apply for unemployment benefits. The Plant Closing Act further provides that: "In addition to any other penalties prescribed by law, the Attorney General

may bring an action in any court in the Virgin Islands to restrain violations of this chapter." Title 24 V.I.C. § 477. The District Court held in *Llanos v. Davis Beach Co.*, 26 V.I. 367 (D.C. 1991), that the Commissioner of Labor also has standing to bring an action to restrain violations of this chapter. Although the Attorney General was not the plaintiff, he did represent the Commissioner in that case. The Court also noted that the legislature has determined that the Commissioner has an interest in preventing violations of the Act. In the instant matter, there is nothing on the record that indicates that the Commissioner of Labor or the Attorney General was ever involved in addressing this matter as a plant closing. Only the plaintiffs, in conjunction with the Save the Café, Inc. Corporation, have seen fit to bring an action for injunctive relief under the auspices of the Plant Closing Act.

■ The statute is not ambiguous, but specifically confers standing only to the Attorney General to restrain violations. In keeping with this Court's earlier discussion on the interpretation of 24 V.I.C. § 471(3) we now hold that 24 V.I.C. § 477 is clear and unambiguous and that only the Attorney General has standing to seek an injunction to prevent further violations of the Act.

### Plaintiffs Have Failed To State A Claim

■ Plaintiffs claim that Albert James Enterprises, Inc. violated the Virgin Islands Plant Closing Act by failing to provide the affected employees with 90 days notice that the restaurant was closing permanently and failing to allow the employees to exercise their right of first refusal to purchase Café Madeleine. Section 471(6) defines "plant closing" as

> "a permanent cessation or reduction of business at a facility which results or will result as determined by the Commissioner in the permanent separation of at least 50 percent of the employees of said facility within a period of six months prior to the date of actual or anticipated termination of business or within such other period as the Commissioner shall prescribe, provided that such period shall fall within the six month period prior to the date of actual or anticipated termination of business."

The plaintiffs claim that "on information and belief", Albert James Enterprises, Inc. entered into a contract of sale for Villa Madeleine

Greathouse to Paul Dué and will permanently cease the operation of Café Madeleine. There is not a set of facts in this case that would entitle Plaintiffs to relief. The transaction that is the subject of the instant action is not a "plant closing" under the Plant Closing Act. What the Plaintiffs seek to enjoin is the sale of Villa Madeleine to the intervenor/defendant, so that they may purchase Café Madeleine themselves. There are no allegations that the contract between the Defendant and Defendant/Intervenor is invalid. The Plant Closing Act does not prohibit facilities from selling or transferring property or property interests to parties other than their employees, but merely prohibits the closing of a plant without providing 90 days' notice to the employees, thereby allowing them time to exercise their right of first refusal. This Court cannot view Mr. Dué's purchase of the Villa Madeleine Greathouse from Albert James Enterprises as a permanent cessation or reduction of business, but rather only as a transfer of interest in a commercial business. See *Pourzal v. Marriott International, Inc.*, 305 F. Supp. 2d 544, 547-48, 45 V.I. 488 (2004).

The plaintiffs testified that they were aware that Café Madeleine operated on a seasonal basis and that the 2004 season was scheduled to end on May 9, 2004. The restaurant has already closed for the season. This Court declines to order the restaurant to continue operating beyond the date it was scheduled to close for the season until this matter is resolved. Plaintiffs received notice of the closing and have no reasonable expectation that Café Madeleine would be operational beyond May 9, 2004, at least until the beginning of the next season. Furthermore, the allegation that the defendant/intervenor does not plan to reopen Café Madeleine next season is speculative at this point. The Court declines to restrain a purported violation that may or may not occur.

**Injunctive Relief**

The Court finds that the Plaintiffs do not have standing to pursue injunctive relief under the provisions of the Plant Closing Act. The Court further finds that that the closing of Café Madeleine is not a "plant closing" within the meaning of the Virgin Islands Plant Closing Act. Because this action relies solely on the Plant Closing Act, this Court does not find it necessary to discuss the elements of injunctive relief, nor does it reach the issue of injunctive relief.

## IV. DEFENDANT'S MOTION TO CONSOLIDATE THE HEARINGS

In view of this Court's ruling that Plaintiffs do not meet the statutory definition of employee, nor do Plaintiffs have standing to enjoin violations of the Act, and that this Court does not have authority to void an otherwise legal contract for sale, the Court's previous ruling denying Defendant's request to merge the hearing on the preliminary injunction and the permanent injunction is hereby vacated and Defendant's request will now be granted.