**LUIS E. RIVERA and JOEL H. HOLT, Plaintiffs**
**v.**
**UNITED STATES OF AMERICA, Defendant**

Civ. No. 1995/148F

District Court of the Virgin Islands

Div. of St. Croix

January 3, 1996

Joel H. Holt, Esq., Holt & Russell, *for Plaintiffs*

Michael Humphreys Esq., Assistant United States Attorney, Office of the United States Attorney, *for Defendant*

Finch, *Judge*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on plaintiffs' motion for a temporary restraining order. Defendant filed no written response

to the motion. This Court heard oral argument from the parties on December 29, 1995. For the reasons disclosed in this Memorandum Opinion, this Court will issue an injunction prohibiting defendant from closing Buck Island to the public during the ongoing federal budget crisis.

## I. FACTS AND PROCEDURAL HISTORY

Defendant owns Buck Island, an island located off the northeast coast of St. Croix.[1] It is the site of the Buck Island Reef National Monument ("Buck Island" or "the Monument"), which is part of the National Park System.[2] President John F. Kennedy established the Monument by presidential proclamation No. 3443, signed December 28, 1961 and issued January 4, 1962.

The proclamation stated that Buck Island "was included in the public, government, or crown lands ceded to the United States by Denmark under the convention entered into August 4, 1916, and proclaimed by the President January 25, 1917 (39 Stat. 1706)." Proclamation No. 3443, *reprinted in* 1962 U.S.C.C.A.N. 4169-70. From January 1917 until December 1961, the Government of the Virgin Islands controlled Buck Island. *Id.* The presidential proclamation expressly provided that the federal government would not interfere with the "existing ... bathing and recreational privileges" enjoyed by the people of the people of the Virgin Islands. *Id.* at 4170. The proclamation read, in part, as follows:

> The Secretary of the Interior shall have the supervision, management, and control of this monument as provided in the act of Congress entitled "An act to establish a National Park Service, and for other purposes," approved August 25, 1916, 39 Stat. 535 (16 U.S.C. 1-3), and all acts supplementary thereto and amendatory thereof: Provided, that *neither the Department of the Interior, nor any other agency or instrumentality of the United States,* shall adopt or attempt to enforce any *rule, regulation or requirement limiting, restricting or reducing* the existing fishing

---

[1] At the hearing, the parties stipulated that the United States owns Buck Island.

[2] The National Park Service is a service within the federal Department of the Interior. 16 U.S.C. § 1 (1988).

(including the landing of boats and the laying of fishpots outside the marine garden), *bathing or recreational privileges by inhabitants of the Virgin Islands,* or charge any fees for admission to the area.

*Id.* (emphasis added). The proclamation remains in effect.[3]

A partial shutdown of the federal government due to ongoing budget-related problems led to the temporary closing of Buck Island to the public. National Park Service employees told plaintiffs that Buck Island was closed due to the partial shutdown. They prevented plaintiffs from using the beach at Buck Island.[4]

Plaintiffs filed the instant action alleging that defendant's act of closing the beach at Buck Island violated the Open Shorelines Act, V.I. STAT. ANN. tit. 12 §§ 401-403 (1982 and Supp. 1995), which protects the public's right to use and enjoy the beaches and shorelines of the Virgin Islands. They argued similarly in regards to defendant's alleged act of closing Sandy Point on St. Croix; however, neither plaintiff alleged that he personally was denied access to that beach. Plaintiffs sought injunctive relief.

In addition, plaintiffs filed a motion for a temporary restraining order pursuant to FEDERAL RULE OF CIVIL PROCEDURE 65(b). They requested that this Court "enjoin the defendant from interfering with the use of the beach at the southwest corner of Buck Island or any other beach, including Sandy Point." (Pls.' Mem. Supp. Mot. T.R.O. at 3). Plaintiffs argued that the United States Court of Appeals for the Third Circuit recognized the applicability of the Open Shorelines Act to federally-owned land. (Pls.' Supplemental Mem. Supp. Mot. T.R.O. at 1-2).

This Court held a hearing on the motion for a temporary restraining order on the day following the filing of the complaint. All parties were represented at the hearing, with Joel H. Holt, Esq. appearing both *pro se* and for plaintiff Luis E. Rivera.

---

[3] Buck Island is the subject of two other presidential proclamations. Those proclamations, however, merely address the extension of the boundaries of Buck Island. Proclamation No. 4346, *reprinted in* 1975 U.S.C.C.A.N. 2477-78; Proclamation No. 4359, *reprinted in* 1975 U.S.C.C.A.N. 2490.

[4] At the hearing, the parties stipulated that the National Park Service employees interfered with plaintiffs' use of the beach.

At the hearing, in addition to their argument that defendant violated the Open Shorelines Act, plaintiffs argued, as an alternative ground for injunctive relief, that the express language of the presidential proclamation prohibited the closing of the beach at Buck Island. Conversely, defendant argued it had authority to close the beach.[5] Defendant contended that federal regulations permitted the Secretary of Interior to close or limit public access to National Park Service sites. It further argued that both the Supremacy Clause and the Property Clause of the United States Constitution provided bases for its actions.

Defendant presented testimony concerning the reasons for closing the beach and the usual method of operation of Buck Island. The National Park Service usually has two to three employees at Buck Island, but, due to the federal budget crisis, currently it has one employee and one volunteer at Buck Island. Defendant argued that it would subject itself to liability for any injuries received if it reopened the beach in the present understaffed condition. Defendant's witness conceded that Buck Island fails to present any unique danger to the public. This Court fails to find evidence that the absence of National Park Service employees at Buck Island presents increased danger to the beach at Buck Island or to members of the public that may choose to use that beach as they use so many other beaches in the Virgin Islands, i.e., without the watchful eye of federal employees.

## II. LEGAL STANDARD

A court may treat a motion for a temporary restraining order as a motion for preliminary injunction where the non-moving party received notice and participated in a hearing on the motion. 11A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCE-

---

[5] Defendant suggested that it had insufficient time to respond to plaintiffs' arguments regarding the language of the proclamation because plaintiffs presented a copy of the proclamation to defendant shortly before the hearing. It further suggested that federal regulations promulgated by the Secretary of the Interior superseded the language in the proclamation that would prevent the Secretary of Interior from closing the beach at Buck Island. Defendant relied on 36 C.F.R. 1.5(a)(1) (1995) as the regulation that gave the Secretary the authority to close the beaches. This Court notes that plaintiffs cited to the proclamation in their Complaint, a copy of which they provided to defendant at the time they filed it with the Court.

DURE § 2951, at 254-56 (1995). A trial court exercises its discretion regarding whether to deny or grant a preliminary injunction. *A.O. Smith Corp. v. FTC*, 530 F.2d 515, 525 (3d Cir. 1976). In arriving at its decision, the court examines four factors:

> (1) the likelihood that the moving party will succeed on the merits;
> (2) irreparable injury will befall the moving party if injunctive relief is withheld;
> (3) the grant of relief will not cause greater harm to the non-moving party; and
> (4) the public interest is furthered by the court granting the request for injunctive relief.

*Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931, 45 L. Ed. 2d 648, 95 S. Ct. 2561 (1985); *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985); *Olmeda v. Schneider*, 889 F. Supp. 228, 231 (D.V.I. 1995). The irreparable injury must be of a peculiar nature, so that money cannot atone for it. *ECRI*, 809 F.2d at 226.

## III. DISCUSSION

### A. Success on the Merits

In their written submissions and oral argument, plaintiffs argued that defendant's act of closing beaches located at Buck Island and Sandy Point violated the Open Shorelines Act, V.I. STAT. ANN. tit. 12 §§ 401-403 (1982 and Supp. 1995).[6] Plaintiffs, however, only have standing to complain of defendant's actions regarding plaintiffs' attempts to visit Buck Island. In addition, at oral argument, plaintiffs alternatively argued that language in the presidential proclamation creating the Monument provided a separate ground for this Court to enjoin defendant from closing the beaches.

■ The plaintiffs have a substantial likelihood of success on the merits on either ground. The Court will first examine the claim that

---

[6] At the outset, this Court recognizes that, in both their written submissions and oral argument, plaintiffs failed to allege any standing to challenge the closing of Sandy Point.

239

the presidential proclamation provides a sufficient basis for plaintiff to succeed on this prong of the test. President John F. Kennedy's proclamation unequivocally prohibited the federal government from using or creating federal rules, regulations, or requirements that would deprive the people of the Virgin Islands of the privilege of enjoying bathing and recreational activities which they had exercised prior to the creation of the Monument. A requirement that Buck Island be closed to the public due to a federal budget crisis directly contravenes the express directive that the federal government not interfere with the bathing and recreational activities at Buck Island. The proclamation remains in effect. Consequently, plaintiffs have a substantial likelihood of success on the merits on this ground.

■ Plaintiffs have a substantial likelihood of succeeding on the ground that defendant violated the Open Shoreline Act. The Open Shorelines Act, when read in conjunction with Section 2(a) of the Revised Organic Act of 1954, applies to the lands ceded by Denmark to the United States. The presidential proclamation that created the Monument stated that Buck Island was part of that ceded land. Consequently, on its face, the Open Shorelines Act applies to Buck Island.

■■ This Court will examine a further requirement discussed by the Third Circuit in *Water Isle Hotel & Beach Club, Ltd. v. Kon Tiki St. Thomas, Inc.*, 795 F.2d 325 (3d Cir. 1986). The Third Circuit concluded that the Open Shorelines Act applied to the federally-owned Water Island situated off the coast of St. Thomas, Virgin Islands. *Id.* At 329. The United States Department of Interior leased Water Island to a private entity for use as a tourist resort. *Id.* at 328. The Open Shorelines Act ensured that residents and visitors would have available for their use the Virgin Islands beach fronts, a finite natural resource. *Id.* at 328-29. The court determined that "no federal considerations existed that were adverse to the exercise of concurrent jurisdiction by the Virgin Islands" that Congress granted to the Virgin Islands in the Revised Organic Act of 1954. *Id.* at 328-29. By its grant of concurrent jurisdiction, the United States permitted the Virgin Islands to regulate the usage of federal property where (1) the usage was consistent with the federal

government's purpose for the property and (2) the Virgin Islands law did not contravene federal laws that applied to the Virgin Islands. *Id*. at 329.

In the instant case, the federal purpose behind controlling Buck Island was to create a national monument that would be part of the National Park System. In his proclamation, President Kennedy recognized the importance of Buck Island to the people of the Virgin Islands and ensured that the privileges enjoyed by them would be safeguarded for the enjoyment of future generations. He mandated that the federal policy applicable to Buck Island would be one of non-interference with the enjoyment of the beach. The regulation by the Virgin Islands of the beach at Buck Island is consistent with the federal government's use of Buck Island as a national monument. The presidential proclamation restricts the authority of the Secretary of Interior to close the beach at Buck Island to the public. In light of this restriction, this Court is not persuaded that the Secretary of Interior's decision to close Buck Island is a federal consideration of the type discussed in Water Isle. This Court cannot find federal considerations that prevent the application of the Open Shorelines Act to Buck Island. The closing of the beach on Buck Island to the public violated the Open Shorelines Act. Therefore, plaintiffs have a substantial likelihood of success on the merits.

 Moreover, this Court fails to be persuaded by defendant's arguments and cases that it provided for this Court that, in the instant case, the Supremacy Clause or Property Clause of the United States Constitution support defendant's act of closing Buck Island to the public. The Open Shorelines Act does not contravene federal law. *See Water Isle*, 795 F.2d at 329. Congress's act of partially shutting down the federal government due to an ongoing budget crisis and the National Park Service deciding to temporarily close Buck Island to the public fail to rise to the level of congressional action pursuant to the Property Clause.

### B. Irreparable Injury

 Plaintiffs have sufficiently demonstrated that they will suffer irreparable harm if injunctive relief is not immediately

granted. The nature of the irreparable injury must be peculiar and uncompensable by the mere payment of money. *ECRI*, 809 F.2d at 226. Plaintiffs' loss of enjoyment of a treasured natural resource is not a loss for which money may compensate. This loss is not an economic loss. The loss of the use of Buck Island is not a mere inconvenience that this Court should treat as diminimus. It is not a loss to which this Court can attach a monetary sum as being proper recompense. Plaintiffs have no adequate remedy at law. An injunction is the only means of redress for the wrong done to plaintiffs by National Park employees preventing them from enjoying the bathing and recreational activities at Buck Island. Therefore, plaintiffs have satisfied the requirements of this prong of the test.

## C. Balance of interests

The Court must examine any harm that defendant, the non-moving party, may suffer as a result of granting plaintiffs' motion. *Olmeda v. Schneider*, 889 F. Supp. 228, 233 (D.V.I. 1995). Defendant contended that it would be subject to liability and that it had been sued in the past regarding injury at Buck Island. Plaintiff adduced evidence that there is nothing unique about Buck Island compared to other beaches in the Virgin Islands. Plaintiff further adduced evidence that defendant successfully defended those lawsuits brought against it concerning injury at Buck Island.

■ The Court finds that neither the beach at Buck Island nor the public will suffer great harm by the absence of federal employees at Buck Island during the partial shutdown. Indeed, defendant can prevent any harm that it may foresee by stationing an additional employee or two at the Monument so that it may have its full usual complement of two to three employees there. This Court cannot agree that defendant will be harmed by either reopening Buck Island to the public and having one employee at Buck Island during its fiscal emergency or putting its full complement of employees on duty. Therefore, this Court concludes that defendant will not suffer greater harm if the Court enjoins defendant from closing the beach at Buck Island.

## D. Public interest

■ The grant of a preliminary injunction enjoining the closing of Buck Island to the public is in the public interest. In enacting the Open Shorelines Act, the Virgin Islands legislature had as its primary goal protecting the public interest by providing access to Virgin Islands beaches. V.I. STAT. ANN. tit. 12 § 401 (1982) (declaring the legislative intent to preserve the public's right to make traditional uses of the beaches as the public has done since the islands were ruled by Denmark).

■ While only two plaintiffs brought suit against defendant in the case at bar, undoubtedly National Park Service personnel have turned away countless Virgin Islands residents and visitors from visiting the shores of Buck Island while the federal budget crisis remains unresolved. The public is being done a disservice by not being able to participate in its usual activities at Buck Island. Consequently, the public interest will be served by granting plaintiffs' motion.

## IV. CONCLUSION

Plaintiffs have demonstrated to this Court that they (1) have a substantial likelihood of succeeding on the merits of their claim on two grounds; (2) will suffer irreparable injury as a result of defendant preventing them from freely enjoying a cherished natural resource; (3) the balance tips in favor of plaintiffs because greater harm will befall them than defendant if the Court denies the motion; and (4) the public interest is furthered by an injunction.

Defendant participated in a hearing on the motion; consequently, this Court views the motion as being one for a preliminary injunction. Thus, the ten day expiration period that applies to temporary restraining orders fails to apply to the instant case. Plaintiffs will be required to post a bond pursuant to FEDERAL RULES OF CIVIL PROCEDURE 65(c). An appropriate order follows.

### ORDER

**THIS MATTER** comes before the Court on plaintiffs' motion for a temporary restraining order. For the reasons discussed in the

Memorandum Opinion of even date, this Court will issue a preliminary injunction against defendant. It is hereby

**ORDERED** that defendant is enjoined from closing the beach at Buck Island to the public during the hours of operation in effect prior to the current partial shutdown of the federal government as a result of the ongoing federal budget crisis. It is further

**ORDERED** that plaintiffs collectively give security in the amount of $ 2000.00 in the event that defendant is found to have been wrongfully enjoined by the preliminary injunction issued in this order. This Court will permit the parties to file motions to modify the amount.