**ARTHUR NEWMAN, Plaintiff**
**v.**
**JUDGE MCKAY and JUDGE SMITH, Defendants**

Civil No. ST-12-CV-287

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

June 18, 2013

Arthur Newman, Plaintiff, *pro se*, St. Thomas, USVI.

PAUL L. GIMENEZ, ESQ., Superior Court of the Virgin Islands, St. Thomas, USVI, *Attorney for Defendants*.

CARROLL, *Judge*

## MEMORANDUM OPINION

(June 18, 2013)

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss, filed June 25, 2012. Plaintiff Newman brings this action seeking a declaratory judgment and injunctive relief against Magistrate Smith and Judge Mackay[1] of the Virgin Islands Superior Court. In effect, Newman wants to overturn the unfavorable ruling that Magistrate Smith issued against him in another case. Newman's action is improper, contrary to established appellate procedure, and barred by the doctrine of collateral estoppel. Accordingly, the Court will grant the Defendant's Motion to Dismiss and dismiss this matter with prejudice.

## FACTS

On June 4, 2012, the Superior Court issued an opinion affirming in part Magistrate Smith's decision in Civil Nos. ST-11-SM-380, ST-11-SM-381, ST-11-SM-385, and ST-11-SM-391 (the Consolidated Cases). In the Consolidated Cases opinion, the Court found that V.I. Code title 4 section 112 prohibits Newman from appearing in the Small Claims Division as a hired Personal Representative for corporate litigants where Newman had no prior relationship with the corporate entity. The Court explained that Newman's practice of representing corporate entities in small claims matters amounts to unauthorized practice of law. The Superior Court ultimately upheld the Magistrate's decision barring Newman from representing the plaintiffs in the above referenced cases.[2]

On March 12, 2012, Magistrate Smith entered an order again prohibiting Newman from representing a corporate plaintiff. On June 1, 2012, Newman filed this action requesting that this Court "[e]nter a

---

[1] The Court notes that the Plaintiff misspelled Judge Mackay's name on the original complaint, which was used to generate the caption for the case, and is inconsistent with the spelling on subsequent filings.

[2] *Gil Ron Jewelry v. Diamond World*, Super. Ct. Consolidated Case Nos. ST-11-SM-380, ST-11-SM-381, ST-11-SM-385, ST-11-SM-391 (Feb. 27, 2012).

restraining order against these defendant judges from prohibiting the undersigned from appearing as the authorized Corporate Representative" and "[e]nter an order reversing Judge Smith's Order of March 12, 2012 . . . declaring that the VI statue [sic] 4 vic 112 (d) is clear and unambiguous and a non-lawyer with authorization may represent a Corporation in the Small Claims Court."[3]

## LEGAL STANDARD

 Rule 8 of the Federal Rules of Civil Procedure[4] requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] All material allegations in the complaint are taken as true, and the Court must construe all facts in a light most favorable to the non-moving party.[6] However, a plaintiff is obliged to provide "more than labels and conclusions."[7] To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.' "[8] Determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[9] In making the plausibility determination, first the Court must separate the factual and legal elements of the claim. Second the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' "[10] "But where the well-pleaded facts do not permit the court to infer more

---

[3] (Compl. p.2, ¶¶ 3, 4.)

[4] *See* SUPER. CT. R. 7 ("The practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith . . . the Federal Rules of Civil Procedure . . . .").

[5] FED. R. CIV. P. 8(a)(2).

[6] *L'Henri, Inc. v. Vulcan Materials Co.*, 53 V.I. 794, 798 (D.V.I. 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

[9] *Id.* at 1950.

[10] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.' "[11]

## DISCUSSION

Newman has failed to adequately state a claim for injunctive relief under the 12(b)(6) standard. The Defendants jointly allege several grounds for dismissal. The Court does not need to address whether all of the Defendants' arguments are meritorious because the Court finds that the action is barred by the doctrine of collateral estoppel. Further, Newman fails to meet the standard for injunctive relief. Finally, Newman's request for a declaratory judgment is improper and also fails to state a claim upon which relief can be granted.

### A. The Plaintiff has failed to meet the standard for injunctive relief.

■ The burden of proof in an action seeking injunctive relief is on the party seeking the injunction.[12] Newman has failed to allege or enumerate any facts giving rise to a cause of action upon which this Court can grant relief. When deciding whether to grant injunctive relief, this Court must assess four factors: (1) the plaintiff's likelihood of success on the merits, (2) whether the plaintiff will suffer irreparable harm without injunctive relief, (3) whether granting injunctive relief will harm the defendant more than the plaintiff will be harmed without such relief, and (4) the public interest.[13] The Court will address these elements in turn.

#### i. The Plaintiff has no likelihood of success on the merits because the Plaintiff is collaterally stopped from re-litigating this issue.

■ Simply put, the Plaintiff has failed to allege any actions by either Defendant that give rise to a viable cause of action because the Plaintiff is collaterally stopped from re-litigating the issue in this case. It appears to the Court that, rather than appeal the unfavorable Memorandum Opinion issued by this Court in the Consolidated Cases, the Plaintiff filed this suit.

---

[11] *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

[12] *Llanos v. Davis Beach Co.*, 26 V.I. 367 (D.V.I. 1991).

[13] *See Rivera v. United States*, 910 F. Supp. 239, 241, 33 V.I. 234 (D.V.I. 1996).

■ "Once an issue is necessarily determined by a Court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action that involves a party to the prior litigation."[14] This legal principle is known as collateral estoppel. Generally, the party seeking issue preclusion under the doctrine of collateral estoppel must establish the following four standard requirements: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from re-litigating the issue was fully represented in the prior action.[15]

■ The Court is satisfied that this case meets the requirements set out above. The issue of whether Newman could represent the corporate plaintiffs was the exact issue decided in the Magistrate Division and on appeal to the Superior Court. The issue was actually litigated, as Newman briefed the issue at both levels. The previous determination was not only necessary to the decision, as required, but was the decision in its entirety. Finally, although Newman was not represented by counsel, Newman chose to proceed *pro se* in those matters just as he brings the instant action *pro se*.

■ Having determined that this case meets all the requirements to preclude the issue of liability through collateral estoppel, the Court must now consider the equitable exceptions applicable to collateral estoppel. In certain circumstances, re-litigation of an issue previously adjudicated is not precluded. These situations include:

> (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or (2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws; or (3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between

---

[14] *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979).

[15] *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (quoting *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 209 (3d Cir. 2001)).

them; or (4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action; or (5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.[16]

The Court first notes that situation (1) is not present in this case. Newman could have obtained review of the Consolidated Cases decision by appealing to the Virgin Islands Supreme Court. "The Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law."[17] Newman could have appealed the Consolidated Cases decision. However, he did not.

The remainder of the situations described above are often summarized as two conditions: "mutuality of estoppel" and whether the estoppel is offensive or defensive. Mutuality of estoppel simply means that both parties in the subsequent suit were also parties to the prior suit — in other words, both can assert estoppel against the other. Offensive estoppel is estoppel "asserted by a plaintiff seeking to prevent re-litigation of issues which the defendant has previously litigated and lost," and defensive estoppel is "asserted by a defendant seeking to prevent re-litigation of issues that the plaintiff has previously litigated and lost."[18]

Here, the Defendants rely on non-mutual, defensive estoppel because the Defendants were not parties to the Consolidated Cases, and they are seeking to preclude Newman from re-litigating an issue he has previously lost. Courts must be careful of potential unfairness when

---

[16] RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1982).

[17] V.I. CODE ANN. tit. 4, § 32(a) (1997).

[18] *Pourzal v. Prime Hospitality Corp.*, 48 V.I. 553, 559 (D.V.I. 2006).

applying offensive estoppel because a defendant may have had little incentive to vigorously defend the first action, especially when a future suit may not be foreseeable, but this concern is not present with defensive estoppel.[19] In addition, defensive estoppel is favored because it promotes judicial economy.[20]

Here, the Court finds no reason to re-examine the issue and substitute its analysis for the sound decision in the Consolidated Cases. Further, there is no clear and convincing need for another determination on the issue for public policy. In fact, as this Court will later discuss, the public policy weighs heavily in favor of not allowing this action to proceed. Newman had a full and fair opportunity to litigate the exact same issue before, and he had every incentive to litigate it to the best of his ability. The issue here is as far from "substantially unrelated" as the Court can imagine, since it is the exact same issue. Finally, the burden of proof has not changed in any material way that would warrant re-litigation.

Because the Plaintiff is collaterally stopped from re-litigating his claims in this case, he has no likelihood of success on the merits and the case must be dismissed. Although the analysis could reasonably end here, the Court will address the remainder of the preliminary injunction factors.

### ii. The Plaintiff will not suffer irreparable harm.

The Plaintiff's lone argument is that he will be financially harmed if the Court does not grant the injunctive relief requested. However, the general rule is that monetary harm alone is not irreparable.[21] More generally, there is no irreparable harm if an adequate remedy at law exists.[22] As monetary harm is the only harm that the Plaintiff asserts, and monetary damages are a remedy at law, the Court finds that the Plaintiff will not suffer irreparable harm.

---

[19] See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 330-31, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).

[20] Pourzal, 48 V.I. at 560 (quoting Jean Alexander Cosmetics, 458 F.3d at 248-49) (internal quotations omitted).

[21] McBean v. Guardian Ins. Agency, 52 F. Supp. 2d 518, 521, 40 V.I. 205 (D.V.I. 1999).

[22] Id.

### iii. The balance of harm and public interest both favor the Defendants.

The Defendants would be harmed by allowing the Plaintiff to circumvent proper appellate procedure, and it is in the public interest that the Court not allow new lawsuits that are effectively appeals from decisions in other cases. After the ruling against Newman on the representation issue, Newman had the opportunity to appeal that decision to the Virgin Islands Supreme Court. Instead, Newman chose to pursue the instant action (filed just three days before the Consolidated Cases ruling) requesting that the Court overturn the Magistrate Division's decision and eventually the Consolidated Cases decision. This procedure is improper.

The identical legal issue that Newman presents here was already litigated and resolved by this Court. Since this was the exact issue the Court dealt with in the Consolidated Cases, the proper procedure was for Newman to appeal the decision to the Virgin Islands Supreme Court rather than to institute a separate action in this Court. Newman brings this action against Magistrate Smith and Judge Mackay, but they are named simply because they rely on the decision in the Consolidated Cases and Newman wants to enjoin them from doing so. It would harm the Defendants if their rulings in one matter could be called into question by parallel lawsuits instead of appellate courts that have the power to remand issues back to them for correction. It would not harm the Plaintiff to disallow this suit, as the Plaintiff had the ability to appeal the first suit. Finally, entering an injunction as the Plaintiff requests would disrupt the normal procedures for cases on appeal and create uncertainty as to whether a case is truly finished — an outcome that is clearly against the public interest.

Both the balance of the harm and the public interest weigh toward not granting the injunction. In addition, the Plaintiff will not be irreparably harmed, and the Plaintiff has no chance of success on the merits. Accordingly, the Court must deny the request for injunction.

## B. The Plaintiff has failed to meet the standard for a declaratory judgment.

 It is within the sound discretion of the trial court to grant a declaratory judgment.[23] For the same reasons stated above, the Court will deny the request for a declaratory judgment. Newman wants the Court to declare that corporations may generally appoint him, a non-lawyer, as a personal representative to represent the corporation in Small Claims Court; in effect, Newman is asking for the same relief as in his request for an injunction. However, the Court has found that the issue is barred by collateral estoppel. Because this action is barred by collateral estoppel, and the Plaintiff could have appealed the previous decision, the Court finds it improper to entertain a declaratory judgment action.

## CONCLUSION

The ruling in the Consolidated Cases looked at whether Newman had a legal right to represent corporate entities, with which he had no previous relationship, in Small Claims Court. The Court found that he did not. Newman did not appeal, but instead pursued this action seeking a remedy tantamount to what he would have sought on appeal. The Court finds that the action is barred by collateral estoppel and that Newman fails to meet any of the requirements for an injunction. The Court will also decline to exercise its power to issue a declaratory judgment because Newman is stopped from asserting this claim as well. Therefore, as Newman cannot succeed on his injunctive relief or declaratory judgment claims as a matter of law, the matter must be dismissed for failure to state a claim upon which relief can be granted.

---

[23] *See generally Virgin Islands Auto. Rental Ass'n v. Virgin Islands Port Auth.*, 47 V.I. 728 (D.V.I. 2006).