**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4598
_____

BARBARA RICHARDS; ANNETTE WOODLEY; PAULETTE RAWLINS;
NICOLE HODGE; SHIRLEY JONES; CHERYL HUYGHUE; COLETTE
BROWNE; CAROL NATHANIEL; LAVERNE OLIVE; MILLICENT FRANCIS;
CLAUDIA TODMAN;  YOLANDO BELLE; CHARMAINE JOSEPH;
RAMONA ALLAMBY; CHARRISIA BENJAMIN; GAIL BLACKWOOD;
ALENA BRATHWAITE; NICOLE EDDY; CHERYL KUNTZ;
SHANIKA MANNERS; CATHERINE PERCEL; MARIA RICHARDSON;
SANDRA D. SMITH; SELANE THOMAS; CHERYL VANPUTTEN;
MARIE VANTERPOOL,

Appellants

v.

ALFRED MARSHALL; SIDNEY KATZ, d/b/a A & S realty Associates
_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 3-09-cv-00023
District Judge: The Honorable Curtis V. Gomez

Argued May 20, 2015

Before: McKEE, *Chief Judge*, SMITH, and SCIRICA, *Circuit Judges*

(Filed: June 5, 2015)

Vincent A. Colianni, II, Esq.     **(Argued)**
Colianni & Colianni
1138 King Street

Christiansted, VI 00820

     *Counsel for Appellants*

Robert L. King, Esq.          **(Argued)**
Law Offices of Robert L. King
1212 Bjerge Gade
Suite 102
St. Thomas, VI 00802
     *Counsel for Appellee*

_____

OPINION[*]

_____

SMITH, *Circuit Judge.*

A jury found that Defendant Sidney Katz was not liable in negligence for allegedly maintaining a moldy office building in which Plaintiffs worked. Plaintiffs' primary argument on appeal is that the District Court erred in not granting them partial summary judgment on the basis of non-mutual offensive collateral estoppel.[1] We will affirm.

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] "Non-mutual offensive collateral estoppel, now usually called issue preclusion, is a branch of res judicata doctrine which prevents in certain circumstances re-litigation of issues previously decided against one of the parties. Application is 'non-mutual' where the party asserting preclusion was not a party to the prior case, and it is termed 'offensive' when used by a plaintiff to bind a defendant." *Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 48 n.2 (1st Cir. 2010).

2

On June 18, 2012, Defendant Katz was held liable to Lorraine Smith in a separate action based on, at the very least, similar allegations. *See Smith v. Katz*, No. 2010-39, 2013 WL 1182074 (D.V.I. Mar. 22, 2013). Thereafter, Plaintiffs repeatedly moved for partial summary judgment in this case on the basis of the *Smith* verdict. A threshold requirement for invoking collateral estoppel is that an "identical issue was previously adjudicated."[2] On May 8, 2013, the District Court, understanding the Plaintiffs to be asking for preclusion on all four prongs of their negligence causes of action (duty, breach, causation and damages), refused to apply preclusion on the obvious grounds that whether Plaintiffs here (as opposed to Smith alone) suffered any injury caused by mold in the building was not adjudicated in the *Smith* action. *See Richards v. Marshall*, No. 2009-23, 2013 WL 1901637, at *3 (D.V.I. May 8, 2013). After Plaintiffs argued in a motion for reconsideration that they did not mean to seek preclusion on the causation and damages prongs, the District Court again declined to apply collateral estoppel, this time on the grounds that Plaintiffs "have not produced any competent evidence" to allow the District Court "to say at this time whether the relationship between the

---

[2] *Newman v. McKay*, 58 V.I. 170 (V.I. Super. June 18, 2013). Although the *Smith* judgment was rendered by a federal court and the preclusive effect of such a decision is governed by federal common law, the Supreme Court has determined that where the prior action was a diversity action the federal rule is to apply the preclusion law of the 'state' in which the federal court sits. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).

Plaintiffs and [Defendant] is identical to that shared by Smith and [Defendant]." *Richards v. Marshall*, No. CV 2009-23, 2013 WL 4028453, at *3 (D.V.I. Aug. 1, 2013).

Plaintiffs did not respond by offering any such evidence to the District Court, nor by asking the District Court to instruct the jury that if it found that Plaintiffs were similarly situated to Smith that it should find that Defendant was negligent, nor by asking the District Court to include on the jury's special verdict form a question about whether the Plaintiffs were similarly situated to Smith. Moreover, because the Plaintiffs did not file a motion under Fed. R. Civ. P. 50, we are powerless to review the trial record. *See Ortiz v. Jordan*, 562 U.S. 180, 189 (2011).

However, the District Court did acknowledge that at least one issue was "identical" in both cases: whether there was mold in the building capable of causing injury to employees who worked in the building. *Richards*, 2013 WL 1901637, at *4. Nonetheless the District Court, having noted that "it is unclear how granting summary judgment on the issue of [the capability of the mold to cause injury] will save substantial time and resources [because] Plaintiffs would likely have to elicit at least some testimony as to [the capability of the mold to cause injury] in order to prove specific causation," declined to apply preclusion as to that issue alone. *Id.* Under these circumstances, we cannot say that the District

4

Court abused its discretion in declining to apply non-mutual offensive collateral estoppel. *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).

Finally, although Plaintiffs did not object to the District Court's jury instructions on the grounds that they were confusing, they now invite us, based on nothing other than rampant speculation, to assume that the jury may have disregarded the District Court's explicit instructions. No such assumption is warranted.

Accordingly, we will affirm the judgment entered by the District Court.